# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WELLS FARGO EQUIPMENT FINANCE, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **Civil Action No. 07-S-2010-NE** |
| **HASTINGS GENERAL CONTRACTING, INC.,** *et al.*, ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), commenced this action on November 1, 2007, seeking recovery of monies due and owing pursuant to a construction equipment lease agreement executed by it as lessor, and defendant Hastings General Contracting, Inc. ("HGC"), as lessee.[1] Wells Fargo directed the complaint principally against HGC and one other defendant, but also lodged claims against Snead Agricultural Supply & Services, Inc. ("Snead") based on the allegation that Snead purchased from HGC some of the equipment subject to the lease.[2] HGC was served with summons and a copy of Wells Fargo's complaint on November 14, 2007, but failed to answer or otherwise appear within the time period set forth in Fed.

---

[1] Doc. no. 1 (Complaint).

[2] *See id*. at ¶¶ 1-5.

R. Civ. P. 12(a).³ Thus, the court previously directed the Clerk to enter default as to HGC on the record of proceedings in this case file, and ultimately granted Wells Fargo's motion for a default judgment against HGC.⁴

This default judgment did not, however, resolve all pending claims against HGC. Along with its answer to Wells Fargo's complaint, Snead filed a three-count cross-claim against HGC.⁵ After the Clerk entered HGC's default as to Wells Fargo's claims, Snead moved for entry of default judgment against HGC as to the cross-claims, and that motion now is before the court.⁶ Upon review of the motion, the court is of the opinion that it must be denied without prejudice.

The problem with Snead's motion for default judgment is glaring: counsel for Snead served the cross-claim upon HGC in the manner prescribed in Fed. R. Civ. P. 5 — *i.e.*, through regular mail — rather than utilizing the procedure specified in Fed. R. Civ. P. 4. Importantly, "[t]he service provisions in *Rule 5* apply *only after a party has made an appearance* in the proceeding." 1 *Moore's Federal Practice – Civil* § 5.03(1) (emphasis supplied) (citing Fed. R. Civ. P. 5(a)(2)). In the present case, HGC had not yet appeared at the time Snead filed its answer and cross-claim, and the

---

³ Doc. no. 9 (Return of Service).
⁴ Doc. no. 33 (Default Judgment in Favor of Wells Fargo Against HGC).
⁵ Doc. no. 13 (Snead's Answer and Cross-Claim).
⁶ Doc. no. 30 (Motion for Default Judgment by Snead Agricultural Supply & Services, Inc.).

deadline by which it was required to file a responsive pleading to Wells Fargo's complaint had not expired. HGC has now been adjudicated in default as to Wells Fargo's claims, but regardless, "[p]arties who have not yet appeared [in an action] must be personally served with a summons on a cross-complaint." *Mt. Shasta Title & Escrow Co. v. Pennbrook Homes*, No. 2:07-CV-963-GEB-EFB, 2007 WL 4210478, at * 1 n.1 (E.D. Cal. Nov. 28, 2007).[7]

Complicating matters further is that more than 120 days have elapsed since Snead filed its cross-complaint. Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. The court will exercise its discretion and allow an additional 15 days for proper service of process. If service is not perfected within that time period, Snead's cross-claims against HGC will be dismissed without prejudice.

Conversely, if Snead successfully serves HGC, but HGC still fails to appear,

---

[7] *See also*, *e.g.*, *Varnes v. Local 91*, *Glass Bottle Blowers Association of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) ("Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him. Formal personal service impresses upon a defendant that judicial process has been invoked to effect a coercive remedy against him."); *Flour Engineers & Constructors*, *Inc. v. Southern Pacific Transportation Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (noting that "[p]arties who have not yet appeared to defend an action ought to be allowed the same notice for new or additional claims such as . . . cross-claim[s]" that is required for the original complaint — *i.e.*, a summons pursuant to Fed. R. Civ. P. 4, and a copy of the cross-claim).

the proper course is of action under Fed. R. Civ. P. 55(a) would be to file a request calling the Clerk's attention to the matter, together with an affidavit detailing compliance with Fed. R. Civ. P. 4(h). Thereupon, the Clerk will *enter* default on the record of proceedings in the case file. *See* Fed. R. Civ. P. 55(a). This procedure makes sense, because upon entry of default, HGC will be deemed to have admitted the well-pleaded allegations of fact set forth in Snead's cross-complaint. *See*, *e.g.*, *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[8] Only after *entry* of default would it be proper to move for a default *judgment* under Fed. R. Civ. P. 55(b). Because the judgment sought in this case is more than mere money damages — *i.e.*, indemnification is requested — the motion must be made to the court rather than the Clerk. *See* Fed. R. Civ. P. 55(b)(2).

In this regard, it is worth noting that simply re-filing the same motion for default judgment currently before the court would be insufficient. "[A] defendant's default does not in itself warrant the court in entering a default *judgment*. There must be a *sufficient basis in the pleadings* for the judgment entered." *Id.* at 1206 (emphasis supplied). Snead's cross-claims all rest upon the allegation that HGC falsely represented that it possessed legal entitlement to sell the equipment subject to the

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

lease agreement discussed above.[9]  To make itself whole, Snead seeks indemnification, plus damages for fraud and breach of express warranty. The amount of damages sought, however, is not clear. The cross-claims focus on one piece of equipment — a "1984 Cat 953 Crawler Loader" bearing serial number 76Y01379, and sold for $17,000.00 — and the prayers for damages simply request recovery of the sale price for that item (*i.e.*, $17,000.00), plus reasonable attorneys' fees and costs.[10]  On the other hand, the complaint also references an attached bill of sale listing the 1984 Cat 953 and two additional items not mentioned in the body of the complaint; the apparent total price paid for all three pieces of equipment was *$130,000.00*.[11]  In the motion for default judgment, Snead requests indemnity, attorneys' fees and costs, and money damages in the amount of *$151,000.00*. Snead makes no effort to explain why it is entitled to $151,000.00, rather than $17,000.00 or $130,000.00, except to say, in conclusory fashion, that the total amount paid for the items listed on the bill of sale was actually $151,000.00.

If counsel for Snead expects the court to enter a money judgment for an amount in excess of the amount demanded in the cross-complaint itself (*i.e.*, $17,000.00), it must produce  authority demonstrating the propriety of such action. Furthermore,

---

[9] Doc. no. 13, at ¶¶ 8, 14.

[10] *Id.* at ¶¶ 11, 16.

[11] *See id.* at Ex. A (Bill of Sale).

even if the court is persuaded to consider the bill of sale a part of the complaint, this would not explain the $21,000.00 discrepancy between the price listed on the bill of sale and the sale price now alleged.

Accordingly, Snead's motion for default judgment is DENIED without prejudice, and Snead is allowed until **May 9**, **2008** to effect proper service of its cross-claim upon HGC. Failure to properly serve HGC by that date will result in dismissal of Snead's cross-claims without prejudice. Any subsequent motion for default judgment must be supported by a legal memorandum and affidavits or other evidence necessary to address the concerns outlined above.

DONE and ORDERED this 24th day of April, 2008.

_____
United States District Judge